IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | §   CAUSE NUMBER:   4:87-CR-143-O |
| | § |
| GLORIA ELEMENA DENNIS | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**
**(With Special Instructions for the Clerk of Court)**

Pending before the court is Defendant Gloria Elemena Dennis' *pro se* request to expunge her criminal record, filed on April 2, 2024 [doc. 2]. Upon review of the relevant pleading and applicable law, the Court **RECOMMENDS** that the construed motion be **DISMISSED** for lack of jurisdiction.

Defendant has completed her sentence and was released from the Bureau of Prisons. She now seeks to expunge her criminal case. Construing Defendant's motion liberally, Defendant is moving for two forms of relief: (1) "I really would like the Court to exempt my case; and (2) "Can the Court please respond to me as I don't know what else to do." (ECF 2). Regarding Defendant's second form of relief, the Court cannot give legal advice to any party. The Court will now turn to Defendant's first request for relief.

Since *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), at least eight circuit courts have held that district courts lack jurisdiction over motions for expungement, whether directed toward judicial records or the executive branch, premised solely on equitable considerations. *See United States v. Valueland Auto Sales, Inc.*, 847 F. App'x 344, 346 (6th Cir. May 13, 2021) (unpublished) (collecting cases); *United States v. Happel*, 770 F. App'x 147, 148 (4th Cir. 2019) (per curiam); *United States v. Adalikwu*, 757 F. App x 909, 911 12 (11th Cir. 2018)

(per curiam); *United States v. Wahi*, 850 F.3d 296, 302-03 (7th Cir. 2017); *United States v. Meyer*, 439 F.3d 855, 859-60 (8th Cir. 2006); *United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007); *United States v. Dunegan*, 251 F.3d 477, 479-80 (3d Cir. 2001); *United States v. Sumner*, 226 F.3d 1005, 101-15 (9th Cir. 2000).

The Fifth Circuit Court of Appeals has not addressed the expungement issue since *Kokkonen*. It previously held, however, that district courts lack the authority to expunge a criminal record in which the validity of the original conviction is unquestioned. *United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986); *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695 (5th Cir. 1997) (holding applicant was not entitled to expungement of executive branch records of his overturned convictions).

Here, Defendant's motion is conclusory. Construed as a motion to expunge records, Defendant provides no authority to support her request. She also does not question the validity of her underlying conviction. At best, her request sounds only in equity and, based on *Kokkonen*, she simply cannot meet her burden of establishing subject matter jurisdiction over her motion. Therefore, the Court finds, concludes, and **RECOMMENDS** that the motion to expunge records should be **DISMISSED** for lack of jurisdiction and, even assuming jurisdiction, it fails on its merits.

## RECOMMENDATION

For the reasons set out above, the Court **RECOMMENDS** that the Defendants' Motion to Expunge [doc. 2] be **DENIED**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 24, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusion, and recommendation, be and hereby is returned to the docket of the United States District Judge.

==The clerk of the court is directed to open for indexing purposes a new civil action (nature of suit code 540 with miscellaneous cause directly assigned to the same District Judge and Magistrate Judge as in the criminal case) and to close the case on the basis of this order.==

SIGNED April 10, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE